THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LINDEN FARMS MILK & CREAM COMPANY, INCORPORATED, Appellant.— Judgment of conviction by a city magistrate, sitting as a Court of Special Sessions, reversed on the law, the information dismissed and the fine imposed directed to be remitted. Section 137 of the Sanitary Code* did not authorize the procedure followed by the health inspector. There is no proof that the milk upon which the " embargo " was placed was unfit for use as human food. Treating the embargo as an order, a violation of it does not constitute a violation of section 137 because of the provisions of section 184 of the Sanitary Code, since the making of such an order is not in conformity with the authority conferred by section 137. The latter section prescribes what is to be done in the event a commodity is found to be unfit. The article is to be condemned and denatured or caused to be removed for the purposes of destruction. The inspector is authorized to direct the person having the article to remove the same to a place designated so that it may be destroyed. There is no authorization in that section for the making of an order such as was made in the form of an embargo. The only offense appearing in this record is one of mislabeling, growing out of a pasteurizing of the milk forty minutes too early to permit of the use of the label found on the bottles by the inspector. The information charges no violation in the latter respect. One may not be charged and convicted of a violation of one section of a statute on evidence establishing a violation of another section of a statute, the violation of which is not charged in the information. The order or embargo, the violation of which is the real basis of the conviction herein was, therefore, not a valid order in relation to the provisions of section 137 of the Sanitary Code, and it is that section that the defendant was improperly charged with and convicted of violating. Lazansky, P. J., Young, Carswell, Tompkins and Johnston, JJ., concur.

PEARL SECKLIR, Appellant, v. JAMES C. PENNEY, Respondent.— Action to recover $295,000, with interest, being the difference between $600,000, the amount agreed to be paid by defendant for a certain bid to receivers on property in Florida, and $305,000, the amount of the bid. Judgment dismissing the complaint on the merits unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Tompkins and Johnston, JJ.; Davis, J., not voting.

RAYMOND L. TAYLOR, Respondent, v. RAMAPO VALLEY PUBLISHING CORPORATION and Another, Appellants.— In an action for libel, order dated January 28, 1935, denying defendants' motion for a bill of particulars, and order dated April 8, 1935, in so far as it denies defendants' motion for an examination as to items 3, 5 and 6 of the notice of examination and limits the examination under item 1 to the date of November 10, 1934, affirmed, with ten dollars costs and disbursements; the examination as to the granted items to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

* See New York Code of Ordinances, chap. 20.— [REP.